**Opinion filed April 19, 2018**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-18-00022-CR, 11-18-00023-CR, 11-18-00024-CR, 11-18-00025-CR, & 11-18-00026-CR

_____

## TOMMY JAMES MORRIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. C-16-0767-CR, A-16-1107-CR, A-16-1187-CR, A-16-1245-CR, & D-45,945**

## M E M O R A N D U M   O P I N I O N

Appellant originally pleaded guilty to the following offenses in the above-numbered causes, respectively: unauthorized use of a vehicle, evading arrest or detention with a vehicle, unauthorized use of a vehicle, theft–aggregated, and evading arrest or detention. The trial court placed Appellant on community supervision in each cause. The State later filed a motion to revoke community supervision or a motion to adjudicate guilt, as applicable, in each cause. The trial

court revoked Appellant's community supervision and, in the causes in which a finding of guilt had been deferred, adjudicated Appellant guilty. In cause no. A-16-1107-CR, the trial court assessed Appellant's punishment at confinement for five years and a fine of $1,000; in the remaining causes, the trial court assessed Appellant's punishment at eighteen months in a state jail facility. In conjunction with the revocation and adjudication proceeding, Appellant waived his right of appeal in each cause. We dismiss the appeals.

The clerk of this court notified Appellant of this court's concern regarding Appellant's waivers of his right of appeal. We requested that Appellant respond and show grounds to continue the appeals. Appellant has not filed a response.

The clerk's records reflect that, in each cause, Appellant entered into an agreement of jail time and signed a waiver of his right of appeal in which he waived various rights, including his right to appeal. The waivers provide as follows:

> I, the Defendant in the above entitled and numbered cause, having had my probationary sentence revoked and sentence pronounced, hereby expressly state as a fact that I have been fully informed by the Judge of this Court and by my attorney and I know, that I have the legal right of appeal from this revocation to the Court of Appeals . . . , and also the right to be represented on appeal by an attorney . . . .
>
> With full knowledge and understanding of the above, I hereby, in Open Court, state that I do not desire to appeal and expressly waive my right of appeal and I hereby accept as final the Order revoking probation herein.

The waivers were signed by Appellant, his attorney, and the trial judge.

The trial court certified in each cause that Appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(d). The records on file in these causes therefore show that Appellant waived his right of appeal. Texas has "long held that a valid waiver of appeal prevents a defendant from appealing without the trial court's consent." *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). A waiver

of the right to appeal is valid if it was made voluntarily, knowingly, and intelligently. *Id.* We note that the trial court has not given Appellant permission to appeal. Accordingly, we dismiss these appeals without further action. *See id.* at 622–23; *see also* TEX. R. APP. P. 25.2(d).

These appeals are dismissed.

PER CURIAM

April 19, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.